UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIE LEE PARTEE,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

Case No. 1:21-cv-395

Hon. Hala Y. Jarbou

## OPINION

This is a mandamus action brought by a state prisoner presumably under 28 U.S.C. § 1651. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to "review . . . as soon as practicable after docketing a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ." 28 U.S.C. § 1915A(a). This petition for a writ of mandamus is a civil action filed by a prisoner seeking redress from a governmental entity. *See Green v. Nottingham*, 90 F.3d 415, 417–18 (6th Cir. 1996). The Court must dismiss the petition if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(A)(b). The petition here is frivolous because it is duplicative. Accordingly, the Court will dismiss Plaintiff's petition.

## Discussion

### I.   Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. On April 15, 2020, Plaintiff was paroled to the Kalamazoo Probation Enhancement Program (KPEP)

from sentences for tampering with an electronic monitoring device, criminal sexual conduct, and home invasion. Plaintiff's time at KPEP did not go smoothly. Within weeks, he was arrested and detained, initially in the Berrien County Jail. Eventually, he was sent back to prison.

Those events form the foundation of Plaintiff's claims. He claims that the MDOC has violated his constitutional rights by keeping him in custody without formal parole revocation proceedings or any other criminal proceedings arising from the actions that resulted in his detention in jail and return to prison. Plaintiff asks the Court to order the MDOC to release him.

The events of which Plaintiff complains are already the subject of two actions Plaintiff has filed in this court: *Partee v. Unknown Parties*, No. 1:21-cv-133 (W.D. Mich.), wherein Plaintiff alleges, among other things, that the MDOC has wrongfully and unlawfully returned him to prison while he was out on parole; and *Partee v. MDOC et al.*, No. 1:21-cv-184 (W.D. Mich.), wherein Plaintiff alleges, among other things, that the MDOC has wrongfully and unlawfully returned him to prison while he was out on parole.

## II.    Duplicative filing

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect

parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g. McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. 1996) (holding that the district court may dismiss an action where the complaint duplicates the allegations of other pending or previously filed litigation, even where the previously filed actions were filed in different districts); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

3

Considering the substantial similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought in the present petition and in Plaintiff's prior petition and complaint, the Court concludes that the present petition is duplicative with regard to all claims raised against the MDOC. Therefore, pursuant to the Court's inherent power and the screening provisions of the PLRA, Plaintiff's petition will be dismissed on the grounds that it is wholly duplicative and, therefore, frivolous.

### III.    Filing fees

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the United States District Court for the Eastern District of Michigan entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Partee v. John Doe*, Case No. 2:96-cv-73376 (E.D. Mich. Dec. 17, 1996); *Partee v. Jabe, et al.*, Case No. 2:96-cv-70659 (E.D. Mich. Mar. 1, 1996); *Partee v. Jabe*, Case No. 5:92-cv-60413 (E.D. Mich. Dec. 7, 1992). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff is aware that he is ineligible to proceed *in forma pauperis* as the Court denied him that relief when he raised the same claims in his other two pending actions.

Because the obligation to pay the full filing fees arises at the time Plaintiff filed the civil complaint in this Court, Plaintiff remains liable for payment of the civil action filing fees despite the dismissal of his action. *See In re Alea*, 286 F.3d at 381. Not to require payment of the

full filing fees would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints without financial consequence. *Id.* Accordingly, the Court assesses and Plaintiff must pay the $402.00 filing fees for this action.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous under 28 U.S.C. § 1915A. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A dismissal for frivolousness qualifies as a dismissal described by 28 U.S.C. § 1915(g).

A judgment and order consistent with this opinion will be entered.

Dated:   May 12, 2021                                     /s/ Hala Y. Jarbou
                                                                    HALA Y. JARBOU
                                                                    UNITED STATES DISTRICT JUDGE